JOHN C. WINDER v. L. H. MARTIN ET AL.

(Filed 26 April, 1922.)

1. **Landlord and Tenant — Leases — Acceptance of Rent—Forfeiture—Election of Remedies—Waiver.**

   The application of the principle upon which the landlord, by accepting the rent after the lessee's forfeiture of his rights under the terms of his lease, is a waiver of his right to terminate the lease, is upon the theory that the landlord has been put to a voluntary election between two opposing courses, and not when the lessee remains in possession of the leased premises by giving the bond for possession, in a summary action of ejectment.

2. **Same.**

   Where the breach of the tenant of his contract of lease amounts to a forfeiture, and his landlord voluntarily accepts the rent accruing thereafter, his thus voluntarily accepting the rent will prevent him at a later time from insisting upon the forfeiture under circumstances that would otherwise have avoided the lease.

APPEAL by plaintiff from *Long, J.,* at the January Term, 1922, of GUILFORD.

Summary proceeding in ejectment to evict the defendants as tenants from the premises of the plaintiff.

From a judgment in favor of the defendants the plaintiff appealed.

*John A. Barringer and R. M. Robinson for plaintiff.*
*Thomas C. Hoyle and F. P. Hobgood, Jr., for defendants.*

STACY, J. This was a summary proceeding in ejectment, commenced in a court of a justice of the peace, and tried *de novo* on appeal to the Superior Court of Guilford County. From the judgment of the latter court the case comes to us for review.

Defendants rented the premises in controversy to be used by them in selling petroleum products, through means of a filling station erected thereon, and for serving the public generally in regard to automobile supplies, etc. The relation of landlord and tenant and the due execution of the lease are admitted. It was stipulated as a condition of the rental contract that the defendants, while occupying said premises and conducting a filling station thereon, should purchase all gasoline used by them in their business from the Todd Oil Company, a copartnership in which the plaintiff was interested; and, upon failure to comply with this provision, the plaintiff reserved the right to "reënter the said premises and to expel the lessees therefrom without prejudice to other remedies." The jury found that this stipulation, or covenant, was breached by the defendants on 10 October, 1921; but his Honor entered judgment for the defendants *non obstante veredicto,* because the plaintiff, or his duly authorized agent, thereafter accepted and received the rent for said premises for the months of November and December, 1921, and January, 1922.

This action was instituted on 18 November, 1921, and tried on appeal in the Superior Court of Guilford County, 24 January, 1922. The rent for November, 1921, was accepted and received after the alleged breach on 10 October, and before the institution of this action on 18 November, The December rent and the January rent were received after suit had been filed and during its pendency. Did the plaintiff, by the acceptance of rent under these circumstances, waive the breach as found by the jury? This is the question for decision. It is the generally accepted rule that if the landlord receive rent from his tenant, after full notice or knowledge of a breach of a covenant or condition in his lease, for which a forfeiture might have been declared, such constitutes a waiver of the forfeiture which may not afterwards be asserted for that particular breach, or any other breach which occurred prior to the acceptance of the rent. Or to state the rule differently, it is generally held that the acceptance of rent by the landlord, with full knowledge of a breach in the conditions of the lease, will ordinarily be treated as an affirmation by him that the contract of lease is still in force, and he is thereby estopped from setting up a breach in any of the conditions of the lease and demanding a forfeiture thereof. *Moses v. Loomis,* 47 A. S. R., 194, and note; 16 R. C. L., 1132 *et seq.*

But plaintiff contends that the above rule is not applicable to the facts of the instant case, because the rents for the months of December and January were accepted after the institution of the present suit. For this position he relies upon the case of *Palmer v. City Livery Co.,* 98 Wis., 33; 73 N. W., 559, where it was said:

"The question is whether the receipt of the rent by the plaintiffs was, in the circumstances, a waiver of their right to insist on the forfeiture of the lease.   It is the settled law, no doubt, that the landlord who, with knowledge of the breach of the condition of a lease for which he has a right of reëntry, receives rent which accrues subsequently, waives the breach, and cannot afterwards insist on the forfeiture.   *Gomber v. Hackett,* 6 Wis., 323; *Conger v. Duryee,* 90 N. Y., 594.   This is on the ground that the landlord has an election.   He may choose whether he will declare the lease at an end and reënter at once, or whether he will overlook the breach and let the lease remain in force.   Of course, he cannot do both, for the two courses lead in opposite directions; and, because the taking of rent which accrues subsequently to the breach is incompatible with a rescission of the lease, it is held that the acceptance of rent under such circumstances is clear evidence of an election to have the lease continue in force.   The rule, being founded on the exercise of his option by the landlord, can have no place in a situation where no option is afforded him.

"The only question here is whether the rule of election applies in the facts of this case.   Practically the question is whether the plaintiffs were in a situation in which they had a choice.   If they had no choice they could be bound by no election.   The situation is clear.   There was a breach of a condition of the lease which gave the plaintiffs the right of reëntry.   They elected to terminate the lease, gave the proper notice, and brought their proper action.   They obtained judgment for restitution.   The defendant appealed, and gave its undertaking.   This undertaking bound it to pay the rent, and gave it the right to remain in possession during the pendency of the appeal.   The plaintiffs had no option in the matter.   It is clear that from that time the occupation of the defendant was against the consent of the plaintiffs.   It was not referable to the lease, but to the situation created by the appeal and undertaking, and could be no proper evidence that the plaintiffs had elected to waive their right to terminate the lease.   So the payment and receipt of the rent are referable to the situation, and not to the plaintiffs' choice.   The law does not intend the absurd conclusion that the plaintiffs must forego all rents during the pendency of the appeal, under penalty of forfeiting all their rights in the action.   It has been at too much pains to secure such rents to them for that conclusion.   That a party abides by a situation in which the law places him is no evidence that the situation is of his choice, nor binding upon him as an election."

But however sound this position may be with respect to the acceptance of the December and January rents, under the circumstances here disclosed, the fact remains that the November rent was accepted after the breach, and with full knowledge thereof, and before suit was brought.

This would constitute a waiver of the only breach which has been passed upon by the jury. "Where forfeiture of a lease is incurred by non-payment of rent, if the lessor receive from the lessee rent subsequently accruing the forfeiture is thereby waived." *Richburg v. Bartley,* 44 N. C., 418.

Therefore, under the facts of the instant case, we think the judgment of his Honor must be upheld.

No error.