OFFICE ENTERPRISES, INC. v. TOM P. PAPPAS AND NICKY'S, INC.

No. 7326DC726

(Filed 14 November 1973)

Landlord and Tenant § 18— forfeiture of lease for nonpayment of rent — waiver

    Plaintiff landlord waived its right to demand forfeiture of a lease for failure of the tenant to make the monthly rental payments by the first of each month as provided in the lease when it accepted the tenant's late payments for previous months and received and retained the tenant's belated check for the last month's rent prior to the time it instituted an action in ejectment to evict the tenant.

APPEAL by plaintiff from *Abernathy, Judge,* at 28 May 1973 Session of MECKLENBURG County, General Court of Justice, District Court Division.

Summary proceeding in ejectment to evict the defendants as tenants from the premises of the plaintiff.

From a judgment in favor of the defendants, the plaintiff appealed.

*Edward T. Cook for plaintiff appellant.*

*Plumides, Plumides and Shulimson by Michael G. Plumides for defendant appellees.*

CAMPBELL, Judge.

This action. was instituted 14 August, 1972 and was assigned for trial before a magistrate of the district court for trial on 22 August 1972. The magistrate entered a judgment 29 August 1972 dismissing the action. On 31 August 1972, the magistrate entered another judgment finding inter alia that Nicky's, Inc. is not a lessee; that Tom P. Pappas was the lessee of the premises; and that all rents and amounts that plaintiff claimed had been paid prior to judgment and thereupon dismissed the action against both defendants.

The record further shows that the plaintiff took a voluntary dismissal without prejudice as to the defendant, Nicky's, Inc.

The case was appealed by the plaintiff to the district court where it was heard *de novo* by Judge Abernathy without a jury.

The plaintiff introduced evidence to the effect that the plaintiff bought the premises in question on 31 January. 1972. At the time of purchase the premises were subject to an outstanding lease which provided for a rental payment of $665.00 per month payable on the 1st day of each month, and further provided:

> "In the event that the annual fire insurance premium exceeds the sum of $670.00 for any year during the term of this lease, or any renewal thereof, such excess shall be borne by the Lessee.
>
> In the event of default in the payment of rents, the Lessor may immediately terminate this Lease and thereupon shall be entitled to immediate possession of the premises."

Mr. Linder testified on behalf of the plaintiff to the effect that he was the Vice President of the plaintiff and owned 100% of the outstanding stock and that he managed all of the properties belonging to the plaintiff. Linder testified that the first month's rent, namely for the month of February 1972, was paid to the previous owner, Mr. Medlin, who in turn paid it over to Mr. Linder. The monthly rental payments for the months of March, April and May were not received on the first of the month as provided in the lease but were received from three to fifteen days late.

Linder further testified:

"I have collected every dollar from Mr. Pappas with reference to rent and insurance premiums due up to this date other than what I have not billed him for."

Judge Abernathy found facts to the effect that Pappas was in possession of the premises at all times and that March, April and May rents were paid from two to fifteen days late and that with regard to the May payment Linder received a cashier's check for that payment and turned it over to the company's attorney, Mr. Cook, who had it in his possession when the letter of May 26, 1972 was written to Pappas. The letter of 26 May 1972 was the letter which purported to terminate the lease. It recited the following:

"It has been made to appear that you have violated the lease agreement and defaulted therein in the following respects:

(a) our rent has never been received by the 1st;

(b) you have sub-leased the demised premises to Nicky's, Inc. without our consent or agreement; and,

(c) we have not been reimbursed for the insurance coverage in the amount of $173 which was billed to you March 12, 1972.

Please accept this letter as notice to vacate the demised premises on or before July 31, 1972.

Yours very truly,
OFFICE ENTERPRISES, INC.
By: _____
Vice President"

Judge Abernathy concluded as a matter of law:

"A. That the plaintiff received the May rent prior to its sending the May 26, 1972 letter (Exhibit 3), which constituted waiver by the plaintiff of any forfeiture of said lease by the defendant.

B. That the defendants are entitled to remain in possession of the premises described in Exhibit 2 of the Stipulations and described as 1408 and 1412 E. Morehead Street, Charlotte, North Carolina, and the defendant is entitled to possession as if there were no forfeiture on his part."

and thereupon dismissed the action; and it is from that judgment that the plaintiff appealed.

The facts found by Judge Abernathy are fully supported by the evidence in the case, and those factual findings support the judgment which was entered. The plaintiff contends that this action is controlled by *Tucker v. Arrowood,* 211 N.C. 118, 189 S.E. 180 (1937). We do not agree. In the *Tucker* case it is stated:

". . . Under the terms of said lease the rent was due on 4 April, 1936, and 4 May, 1936, and said rent was not paid when this action was instituted on 6 May, 1936."

On the other hand, in *Winder v. Martin,* 183 N.C. 410, 111 S.E. 708 (1922), it is stated:

". . . It is the generally accepted rule that if the landlord receive rent from his tenant, after full notice or knowledge of a breach of a covenant or condition in his lease, for which a forfeiture might have been declared, such constitutes a waiver of the forfeiture which may not afterwards be asserted for that particular breach, or any other breach which occurred prior to the acceptance of the rent. Or to state the rule differently, it is generally held that the acceptance of rent by the landlord, with full knowledge of a breach in the conditions of the lease, will ordinarily be treated as an affirmation by him that the contract of lease is still in force, and he is thereby estopped from setting up a breach in any of the conditions of the lease and demanding a forfeiture thereof. . . ."

This was the situation in the instant case, for the plaintiff had received the May payment and retained it even though the check itself was not cashed and was placed in the hands of plaintiff's attorney. This still constituted a receipt by the plaintiff, and the rent was still in the plaintiff's possession when the letter of May 26 was written. In fact the payment was never returned to the defendant, and the plaintiff at all times had it in its control. The plaintiff was thereby estopped from setting up a breach in any of the conditions of the lease and demanding a forfeiture thereof. The conclusion of law entered by Judge Abernathy was in all respects correct and supported by the findings of fact.

Affirmed.

Chief Judge BROCK and Judge BALEY concur.