MARVIN B. MEWBORN AND WIFE, MABEL P. MEWBORN; BILLY GENE PARAMORE AND WIFE, LINDA G. PARAMORE v. BRUCE E. HADDOCK

No. 743DC430

(Filed 3 July 1974)

Landlord and Tenant § 18— late payment of rent — acceptance by landlord as waiver of forfeiture

Where the parties entered into a lease agreement for a term of five years with the rent to be $2600 per year payable on 2 January each year, failure of defendant tenant to make timely payment of the rent for the second year and acceptance by plaintiff landlord of the rent plus $400 on 29 January did not create any new rental agreement; rather, acceptance by plaintiff landlord constituted a waiver of the forfeiture and was an affirmation by the landlord that the contract of lease was still in force.

APPEAL by plaintiffs from *Whedbee, District Judge*, 24 January 1974 Session, PITT County, District Court.

Heard in the Court of Appeals 19 June 1974.

This is a summary ejectment proceeding instituted 27 December 1973, by the Mewborns, as original landlords, against Haddock, the tenant, in a Magistrate Court. The magistrate entered a judgment dismissing the cause of action for failure on the part of the plaintiffs to prove their case. An appeal was taken to the district court where it was tried *de novo*.

In the district court certain facts were stipulated which may be summarized.

The Mewborns and Haddock entered into a lease agreement October 21, 1967, recorded March 1, 1973, in the Pitt County Public Registry.

The lease agreement provided for a term of five years commencing December 1, 1971, and expiring December 1, 1976, covering farm lands of 72 acres with certain crop allotments.

The rental was to be $2,600 a year payable on the 2nd day of January each year.

Haddock paid the Mewborns the $2,600 rental payment for the year commencing December 1, 1971, and ending December 1, 1972.

On 29 January 1973, Haddock paid the Mewborns the sum of $3,000 as rental payment for the land for the year commencing December 1, 1972, and ending December 1, 1973.

The Mewborns gave notice to Haddock to vacate the premises more than 30 days prior to the 1st day of December 1973.

During the month of December 1973, Haddock mailed to the Mewborns by certified mail, "Deliver Only To Addressee, Return Receipt Requested," a check in the amount of $2,600 in payment for the rental for the year commencing December 1, 1973, terminating December 1, 1974. The Mewborns refused receipt of said letter and check. Upon this refusal Haddock deposited $2,600 with the Clerk of Superior Court of Pitt County for the use of the Mewborns, and this was done on or before 2 January 1974, for the purpose of complying with the provisions of the rental agreement.

The Mewborns have conveyed their interest in said land to the Paramores by deed dated January 5, 1974, and recorded in the Public Registry of Pitt County. The Paramores have been made parties-plaintiff.

Based upon the stipulations, the trial judge found certain facts and then concluded as a matter of law:

> "That the issuing and accepting of the THREE THOUS-AND DOLLARS ($3,000) check for the agricultural year commencing December 1, 1972 did not constitute a variance of the contract dated October 21, 1967.

That plaintiffs, by acceptance of the rental on January 29, 1973 for the 1973 farm year with full knowledge that the rent was being paid late, and in a larger amount, relinquished and waived all right of forfeiture of the lease agreement of October 21, 1967 and restored it to its full force and original terms and the same is now in effect."

The plaintiffs excepted to those conclusion of law and appealed.

*Frank M. Wooten, Jr., for plaintiff appellants.*

*James, Hite, Cavendish and Blount by Robert D. Rouse III for defendant appellee.*

CAMPBELL, Judge.

Plaintiffs assert that the payment and acceptance of a larger sum of money, namely, $3,000 instead of $2,600, 27 days after the specified due date, as provided in the lease agreement, constituted a variance of the contractual agreement sufficient to create a new contract between the parties and was therefore a novation and created a tenancy from year to year terminable upon 30 days' notice prior to the expiration of the term.

For their position the plaintiffs rely upon the logic in *Coulter v. Finance Co.*, 266 N.C. 214, 146 S.E. 2d 97 (1966).

*Coulter* is clearly distinguishable from the instant case. In *Coulter* the lease was for three years with a monthly payment of $175. The lease provided for an extension of two years with an increase of rent to $225 per month and with a provision that in the event the two-year extension was desired, the tenant would notify the landlord 30 days prior to the termination of the original term. The tenant did not notify the landlord 30 days prior to the termination of the original term but did stay over and paid the increased rental payments of $225 a month. It was held that the 30-day notice was for the benefit of the landlord; and when the tenant held over and continued to pay the increased rental payments, the landlord waived the notice requirement and the lease was extended for an additional two years.

In the instant case we are dealing with the original five-year term and with no holding over at all. The only thing that occurred in the instant case was that the tenant paid the an-

nual rent 27 days late and paid $400 more than the rental agreement called for. The landlord accepted the payment which was made late, and the tenant remained in possession. This did not create any new rental agreement, and the doctrine of novation is not applicable.

This case is controlled by what was said in *Enterprises, Inc. v. Pappas,* 19 N.C. App. 725, 200 S.E. 2d 205 (1973).

When the tenant Haddock failed to pay the $2,600 rental payment for the agricultural year commencing December 1, 1972, on or before January 2, 1973, he was in breach of a condition of the lease; and the landlord Mewborn had the right to terminate the lease. The landlord Mewborn did not do so, however, and with full notice or knowledge of the breach for which a forfeiture might have been declared, accepted 27 days late the rental payment which not only amounted to $2,600 but exceeded it and was in the amount of $3,000. This constituted a waiver of the forfeiture and was an affirmation by the landlord that the contract of lease was still in force; and the landlord thereby became estopped from setting up a breach of any of the conditions of the lease prior thereto.

Affirmed.

Judges PARKER and HEDRICK concur.