COMMUNITY HOUSING ALTERNATIVES, INC. v. BERNARD LATTA

No. 8715DC397

(Filed 17 November 1987)

**Landlord and Tenant § 13.1— tenant's breach—acceptance of rent—waiver of breach by landlord**

    Plaintiff landlord's acceptance of rent with knowledge of defendant tenant's breach of the lease constituted a waiver of plaintiff's right to assert the breach as grounds for forfeiture of the lease.

APPEAL by defendant from *Peele, Judge.* Judgment entered 7 January 1986 in District Court, ORANGE County. Heard in the Court of Appeals 27 October 1987.

*Bayliss, Hudson & Merritt, by Ronald W. Merritt, for plaintiff-appellee.*

*North State Legal Services, Inc., by Carlene McNulty and Candace Carraway, for defendant-appellant.*

MARTIN, Judge.

This is an action for summary ejectment. Following an adverse ruling by the magistrate, defendant appealed to the district court, which after trial *de novo* concluded that defendant had violated the terms of his lease and ordered his removal from the leased premises. Defendant appeals, contending, *inter alia*, that plaintiff had, as a matter of law, waived its right to demand a forfeiture of the lease. We agree with defendant's argument and reverse the judgment entered below.

Plaintiff owns the Adelaide Walters Apartments, a federally subsidized apartment complex for low-income elderly and handicapped persons, located in Chapel Hill. Defendant is fifty-five years of age and is handicapped due to partial paralysis as a result of strokes. He has leased an apartment in the Adelaide Walters complex since 5 July 1984.

According to pertinent findings made by the trial court and supported by competent evidence in the record, plaintiff gave defendant written notice on 30 June 1986 that his lease would be terminated on 31 July 1986 for "repeated minor violations of [the lease] which disrupt the livibility [sic] of this project, adversely affect the health or safety of any person or the right of any tenant to the quiet enjoyment of the leased premise [sic]." The violations relied upon by plaintiff consisted of defendant's failure to maintain his apartment in a clean and sanitary condition and repeated instances of activation of the smoke alarm in defendant's apartment.

Defendant did not vacate his apartment on 31 July 1986. Notwithstanding its notice of termination of the lease, plaintiff continued to accept rent from defendant for the months of August and September 1986. It filed this action on 17 September 1986, relying on the violations stated in the 30 June 1986 notice of termination as grounds for defendant's eviction.

It is settled law in North Carolina that a landlord's acceptance of rent with knowledge of his tenant's breach of the lease constitutes a waiver of the landlord's right to assert the breach as grounds for forfeiture of the lease. *Winder v. Martin*, 183 N.C. 410, 111 S.E. 708 (1922).

> It is the generally accepted rule that if the landlord receives rent from his tenant, after full notice or knowledge of a breach of a covenant or condition in his lease, for which a forfeiture might have been declared, such constitutes a waiver of the forfeiture which may not afterwards be asserted for that particular breach, or any other breach which occurred prior to the acceptance of the rent.

*Id.* at 411, 111 S.E. at 709. *See Raleigh City Limits, Inc. v. Sandman*, 49 N.C. App. 107, 270 S.E. 2d 552 (1980); *Mewborn v. Haddock*, 22 N.C. App. 285, 206 S.E. 2d 336, *cert. denied*, 285 N.C. 660, 207 S.E. 2d 755 (1974); *Office Enterprises, Inc. v. Pappas*, 19 N.C. App. 725, 200 S.E. 2d 205 (1973).

In the present case, upon defendant's failure to vacate his apartment on 31 July 1986, plaintiff had two choices: 1) it could commence proceedings to remove defendant from the premises, or 2) it could continue to accept rent from defendant and permit the lease to remain in force. Plaintiff could not do both. *Winder v. Martin, supra; Fairchild Realty Co. v. Spiegel, Inc.*, 246 N.C. 458, 98 S.E. 2d 871 (1957). Plaintiff chose to accept defendant's August and September rent. By doing so, it waived its right to assert defendant's prior violations of the lease provisions as grounds for termination of the lease. The judgment of the trial court ordering that defendant be removed from the premises must be reversed. In view of our holding, we need not address defendant's other assignments of error.

Reversed.

Judges EAGLES and PARKER concur.