Stanford v. Mountaineer Container Co.

———————

COLLEEN S. STANFORD v. MOUNTAINEER CONTAINER COMPANY

No. 8728SC479

(Filed 2 February 1988)

**Landlord and Tenant § 19— month-to-month tenant—notice of rent increase—acceptance of prior rent amount**

　　A landlord's notice to a month-to-month tenant of a rent increase constituted an offer to create a new contract or tenancy at the increased rent, and the rental increase became effective only when the tenant by words or conduct clearly indicated its assent to the new term. Plaintiff landlord's continued acceptance of the rent previously paid by defendant tenant after the notice and effective date of the rent increase constituted a continuation of the previous tenancy and established a rejection by defendant of the offer to create a new tenancy at an increased rental amount.

APPEAL by defendant from *Downs, James U., Judge.* Judgment entered 11 February 1987 in BUNCOMBE County Superior Court. Heard in the Court of Appeals 18 November 1987.

Plaintiff lessor brought this action to recover back rent from defendant corporate lessee, which comprised the difference between a demanded rent increase and the rent previously paid by defendant. The case was heard before the trial court on 12 January 1987 which rendered judgment in plaintiff's favor and awarded her $50,400.00 together with interest.

The pertinent facts found by the trial court were that defendant corporation leased a certain building from plaintiff. Defendant utilized the building as an office and warehouse from which its business operated. At no time since the beginning of the lease relationship in 1976 had the parties executed a written lease agreement nor had there been any express agreement regarding the terms of future rent increases.

The trial court found that initially the parties had mutually agreed defendant would pay such rent as it could afford as defendant was just beginning business and had limited cash flow. Subsequently, at plaintiff's request, the rent was raised to $2,625.00 a month but as was their practice, defendant determined the amount of the rent increase.

In July 1982, plaintiff, through her attorney, mailed a notice to defendant indicating that the rent would increase to $4,200.00 a month effective 1 August 1982. Nevertheless, defendant continued to tender each month and plaintiff accepted, the amount of rent defendant previously paid ($2,625.00), until March 1985. During this time, plaintiff made no attempts to evict defendant, nor did plaintiff communicate anything further to defendant about the rental increase until late 1984 or early 1985 when she told Ronald E. Stanford (president of defendant corporation and plaintiff's son) that she needed more money. Several months later, defendant began paying an increased rent of $3,000.00 a month in March 1985 and continued to do so up through and including the date of the trial.

The trial court concluded that the parties had created a "tenancy at will on a month to month basis" and that defendant corporation's silence or non-response to plaintiff's letter of rent

increase "is conduct tantamount to acceptance of plaintiff's offer to allow the defendant to remain on said premises on the condition the rental was increased to the amount specified by the plaintiff." The trial court also concluded however that plaintiff's acceptance in March 1985 of defendant's payment of $3,000.00 which represented a rental increase, constituted an acceptance of the lesser amount thus preventing plaintiff's recovery for back rent after March 1985. From the award of $50,400.00 and interest representing the value of the difference between $4,200.00 a month and $2,625.00 for 32 months — or August 1982 through March 1985, defendant appeals.

*Morris, Golding, Phillips & Cloninger, by William C. Morris, Jr., for plaintiff-appellee.*

*Roberts, Stevens & Cogburn, P.A., by Gwynn G. Radeker and Glenn S. Gentry, for defendant-appellant.*

WELLS, Judge.

The sole question for review and apparently one of first impression before our appellate courts is whether a landlord may recover back rent from a month-to-month periodic tenant at will where despite the landlord's prior notice of a rental increase, the tenant continued to pay and the landlord to accept without objection, the same amount of rent as earlier paid. We answer in the negative.

Defendant corporation contends in its first three assignments of error that the trial court erred in concluding, as a matter of law, that defendant's failure to respond to plaintiff's rental increase notice (hereinafter "notice") effectively constituted an acceptance and agreement to pay the increased monthly rent of $4,200.00. We agree with defendant. As a matter of basic contract law, there can be no contract unless there exists a "meeting of the minds," *Richardson v. Storage Co.,* 223 N.C. 344, 26 S.E. 2d 897 (1943). Implicit in this rule is the corollary that a party to a contract may not have terms imposed upon him by the other party. "Contract requires a conscious assent to terms proposed by another." *Corbin on Contracts,* § 59 (1963).

Although we have found no previous North Carolina case directly on point, we are guided by our Supreme Court's decision

in *Realty Co. v. Spiegel, Inc.*, 246 N.C. 458, 98 S.E. 2d 871 (1957) which held that a landlord's acceptance of rent with full knowledge of tenant's breach constituted a waiver of the landlord's right to forfeiture. Although the case did not raise the issue of a landlord's right to back rent, the court's analysis and application of principles of waiver appear to require our application of the waiver principle in this case to defeat plaintiff's claim.

The *Spiegel* court noted that the expiration of the deadline required by the lessor company for the lessee to cure the breach gave rise to the landlord's right to elect whether to continue the lease (despite the breach) or terminate the tenancy. If the lessor chose to continue accepting rent he implicitly continued the tenancy; otherwise, the lessor's refusal to accept rent would allow the company to terminate the tenancy and recover damages for wrongful possession of the tenant's holdover. The Court held that the landlord's acceptance of rents after the expiration of the "cure deadline" constituted a waiver of tenant's breach and an implied continuation of the tenancy contract. 246 N.C. at 467-68, 98 S.E. 2d at 878.

The *Spiegel* court relied on *Winder v. Martin*, 183 N.C. 410, 111 S.E. 708 (1922) from which we also derive direction:

It is the generally accepted rule that if the landlord receive rent from his tenant, after full notice or knowledge of a breach of a covenant or condition in his lease, for which forfeiture might have been declared, such constitutes a waiver of the forfeiture which may not afterwards be asserted for that particular breach, or any other breach which occurred prior to the acceptance of the rent. *Id.* at 411, 111 S.E. at 709.

We therefore hold the rule to be that a landlord's notice of rent increase constitutes an offer to create a new contract or tenancy at the increased rent. The rental increase becomes effective and binding upon the tenant only where the tenant by words or conduct clearly indicates the tenant's assent to the new term.

Under the foregoing rule then, plaintiff lessor's continued acceptance of the rent ($2,625.00 a month) previously paid by defendant after the notice and effective date of the rent increase in August 1982, constituted a continuation of the previous tenancy and establishes a rejection of the offer to create a new tenancy at

the rental amount of $4,200.00 a month. The plaintiff was there-fore not entitled to recover the back rent as awarded by the trial court. This portion of the judgment below is reversed. The trial court's judgment with respect to the $3,000.00 rent paid on and after March 1985 is affirmed.

Because of the result we have reached, it is unnecessary for us to determine defendant's other assignments of error.

Reversed in part; affirmed in part.

Judges JOHNSON and COZORT concur.