Cook originally brought suit for rent and obtained a judgment in small claims court. The tenant, Melson, appealed to the circuit court for a trial de novo. After an ore tenus hearing, the circuit court rendered a judgment for Cook for $525. Melson appeals. We affirm.
The dispositive issue is whether the trial court erred in awarding Cook $525 for the rent due for the month of January.
In October 1981 the parties entered into an oral agreement for the lease of a residence on a month-to-month basis. Melson agreed to pay $400 per month in advance as rent.
On November 11, 1987, Cook sent Melson a letter, advising that the rent would be increased to $525 per month, effective January 1, 1988, and asking Melson to let her know if he was going to stay. On or about December 10, 1987, Melson stated that he would not pay the increased rent.
On January 2, 1988, Melson sent Cook a check for $400 as rent for January. Cook returned this check and stated that the rent was now $525. Melson did not vacate the premises until February 1, 1988.
At the outset we note that, where testimony is presentedore tenus, the judgment is given the same weight as a jury verdict and will not be disturbed unless palpably wrong.Harrelson v. Glisson, 424 So.2d 591 (Ala. 1982).
Where a lease is for an indefinite and uncertain term, "there is no valid lease for a term of years, but an estate at will is thereby created." Industrial Machinery, Inc. v. CreativeDisplays, Inc., 344 So.2d 743, 745 (Ala. 1977). "[A] continuous tenancy upon a monthly rental basis . . . is a tenancy at will, commonly called a tenancy from month to month." Arbuthnot v.Thatcher, 237 Ala. 593, 595, 188 So. 245, 246 (1939). A tenant at will is governed by the common law and is thus entitled to no more than reasonable notice to quit. Womack v. Hyche,503 So.2d 832 (Ala. 1987). We find that it is clear that Melson held a tenancy from month to month. We also find the November 1987 letter to be reasonable notice to quit, under which circumstances, if Melson were to remain a tenant after December 31, 1987, his tenancy would be under a different agreement,i.e., an increase in rent to $525. *Page 797 
In view of the above, we cannot say that the trial court's judgment was palpably wrong.
This case is due to be, and is, affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.