RUSHING CONSTRUCTION COMPANY v. MCM VENTURES, II, INC.

No. 8920DC1222

(Filed 4 September 1990)

1. **Landlord and Tenant § 13.1 (NCI3d)— expiration of lease— option to renew—also expired**

   An option to renew a lease of a restaurant ended when defendant tenant failed to renew the lease before the term expired because the option to renew was not independent of the contracted term; when the lease expired, so did the option.

   **Am Jur 2d, Landlord and Tenant § 1182.**

2. **Landlord and Tenant § 14 (NCI3d)— expiration of lease— holding over—new rental amount**

   A tenancy for a restaurant became a tenancy from month to month when defendant stayed on at the previous rental after the expiration of the lease. Plaintiff had the right to terminate the lease upon giving seven days notice, which it did by requesting possession by June 1, 1989 and stating that after that time the monthly rent would increase to $4,000. Defendant obligated itself to pay the new rent by continuing to occupy the premises after being notified of the new rental.

   **Am Jur 2d, Landlord and Tenant §§ 71, 1190.**

APPEAL by defendant from judgment entered 25 July 1989 by *Judge Kenneth W. Honeycutt* in UNION County District Court. Heard in the Court of Appeals 10 May 1990.

Defendant operates a restaurant in the Town of Indian Trail upon premises leased from plaintiff on 23 December 1986 for an initial term of two years. After defendant had occupied the premises for two months beyond the initial term the parties disagreed as to whether defendant had exercised its option to renew the lease and as to the rent that was due. Plaintiff's actions for rent and

summary ejectment, consolidated for trial, were tried upon an agreed statement of facts by Judge Honeycutt, who held that defendant had not renewed the lease, was liable for rent under a new agreement made as a month to month tenant, and was required to vacate the premises.

The lease agreement, prepared by defendant lessee's attorney, in pertinent part, provides that:

ONE: The initial term of this lease shall be for a period of two (2) years, beginning on January 1, 1987, and ending on December 31, 1988. The Lessee has the right to occupy and use the premises beginning December 30, 1986. The Lessee shall have the right and option to purchase or extend said lease as hereinafter set forth.

TWO: As rental for said premises, Lessee shall pay the Lessor the sum of One Thousand Six Hundred Dollars ($1600.00) each calendar month during the initial term hereof, said rental payment being due and payable on the 1st day of each month.

. . . .

TWELVE: Except as otherwise provided herein, if at the expiration or termination of this lease, Lessee shall hold over for any reason, the tenancy of Lessee shall thereafter be from month to month only and shall be subject to all other terms and conditions of this lease in the absence of a written agreement to the contrary.

. . . .

FIFTEEN: Lessee shall have a continuing option for a period of eight (8) consecutive years to renew this lease on the same terms and conditions as contained herein except as modified below. The first such renewal term shall be for a period of three (3) years commencing January 1, 1989, and ending on December 31, 1991. Thereafter renewal terms shall be for a period of one (1) year commencing each January 1st and ending each December 31st. During any renewal term the terms of this lease shall be modified as follows:

a. Base rent shall be Two Thousand Dollars ($2,000) per month, with additional rent due in an amount of three percent (3%) of the amount by which Lessee's net sales

**RUSHING CONSTRUCTION CO. v. MCM VENTURES, II, INC.**

[100 N.C. App. 259 (1990)]

in any calendar year exceed Five Hundred Fifty Thousand Dollars ($550,000.00). Any such addition [sic] rent due shall be paid on an annual basis of sales over 550,000 [sic] based on annual receipts according to Sales Tax Report on or before January 31st of the following year.

Before the initial term expired on 31 December 1988 defendant did nothing to renew the lease and after it expired defendant continued to occupy the premises without explanation. For the months of January and February, 1989 defendant paid plaintiff the same monthly rent as before, $1,600, whereas the base monthly rent for a new term was $2,000. On 28 February 1989 defendant notified plaintiff by mail that it wanted to exercise its option to renew the lease and the next day delivered two checks for $400 and one for $2,000. The checks were returned by the lessor's attorney on 6 March 1989 by a letter stating in substance that since the option was not exercised before the term expired the lessor had made other arrangements for the property and needed possession by 1 June 1989, and that as a holdover, month to month tenant defendant would be charged $1,600 per month until that date and $4,000 per month thereafter. In responding on 9 March defendant's lawyer asserted, *inter alia*, that under Section Fifteen of the lease defendant had a "continuing option" to renew the lease and the exercise was timely. Defendant's $2,000 checks for the April and May, 1989 rent were returned by plaintiff.

From the agreed facts the court found and concluded that the option to renew the lease was not timely exercised; that by holding over after the initial term expired defendant became a tenant from month to month; that plaintiff's notice of the rent increase to $4,000 a month effective 1 June 1989 was an offer to rent the premises on that basis; and that by continuing to occupy the premises after that time defendant accepted the offer and is obligated accordingly.

*Griffin & Brooks, by James E. Griffin, for plaintiff appellee.*

*Griffin, Caldwell, Helder & Lee, P.A., by W. David Lee, for defendant appellant.*

PHILLIPS, Judge.

[1, 2] This appeal turns upon whether defendant's exercise of its option to renew the lease was timely. In our opinion the option was not timely exercised and the judgment appealed from is affirmed.

RUSHING CONSTRUCTION CO. v. MCM VENTURES, II, INC.

[100 N.C. App. 259 (1990)]

The following legal principles apply: Nothing else appearing, the general rule is that a lessee must exercise an option to renew its lease at or before the original term expires. 50 Am. Jur. 2d *Landlord and Tenant* Sec. 1182 (1970); Annotation, *What Constitutes Timely Notice of Exercise of Option to Renew or Extend Lease,* 29 A.L.R.4th 956 (1984). When the rental for the option renewal period is the same as for the initial term and a tenant holds over and pays it it is presumed that it intended to exercise its option. *First-Citizens Bank & Trust Co. v. Frazelle,* 226 N.C. 724, 40 S.E.2d 367 (1946). But when the additional term is at an increased rental and the tenant stays on but does not pay the increase that intent is negated. *Coulter v. Capitol Finance Co.,* 266 N.C. 214, 146 S.E.2d 97 (1966); 50 Am. Jur. 2d *Landlord and Tenant* Sec. 1190 (1970). A month to month tenancy may be terminated upon seven days notice. G.S. 42-14. In a month to month tenancy a landlord's timely notice increasing the rental is an offer to rent the property for the increased amount and the tenant's continued occupancy after the effective date of the increase is an acceptance of the offer. *Melson v. Cook,* 545 So.2d 796 (Ala. Civ. App. 1989); *Stanford v. Mountaineer Container Co.,* 88 N.C. App. 591, 364 S.E.2d 153 (1988).

In this instance defendant having failed to renew the lease before the initial term expired, the option to renew ended and by staying on at the previous rental the tenancy became one from month to month. Plaintiff had a right to terminate the lease upon giving seven days notice; and this it did by requesting possession by 1 June 1989 and stating that after that time the monthly rent would increase to $4,000. By continuing to occupy the premises after being notified of the new rental, defendant obligated itself to pay it. If this was not the law, providing in a lease for its extension would be pointless and an owner's right to control the use of his property would be greatly reduced without, and even contrary to, its agreement.

Nor does it help defendant, as it argues, that the lease is ambiguous and that ambiguities in a lease are generally construed in favor of the lessee. *Kearney v. Hare,* 265 N.C. 570, 144 S.E.2d 636 (1965). For leaving aside the fact that the drafting of the instrument by defendant's attorney might require that the ambiguities be construed in plaintiff's favor, *Jones v. Palace Realty Co.,* 226 N.C. 303, 37 S.E.2d 906 (1946), the "continuing option" granted by the lease, from whatever angle viewed, was dependent upon a term of the lease, either initial or renewal, being in effect. The

option was not independent of the term contracted for; when the lease term expired so did the option. It was a "continuing" option for whatever period the lease term existed or was extended to. It did not continue after the lease term ran out and defendant chose not to extend it.

Affirmed.

Judges ARNOLD and COZORT concur.