AUTOMOTIVE GROUP, LLC, a North Carolina limited liability company, Plaintiff
v.
A-1 AUTO CHARLOTTE, LLC, a North Carolina limited liability company, Defendant

No. COA13-608

Filed 19 November 2013

1. **Collateral Estoppel and Res Judicata—change in circumstances—res judicata doctrine not applicable**

     The trial court did not err in a case involving the lease of a used car lot by denying defendant's motion for a new trial. Plaintiff's third complaint was not barred by the doctrine of *res judicata* where a change in circumstance after the first complaint eliminated plaintiff's waiver of defendant's lease breaches that previously prevented it from ejecting defendant.

2. **Pleadings—sanctions—Rule 11—insufficient findings**

     The trial court erred in in a case involving the lease of a used car lot by concluding that defendant's motion for a new trial violated Rule 11 of the North Carolina Rules of Civil Procedure and was filed in bad faith. Each of the trial court's findings related only to defendant's repeated attempts to re-argue the issue of *res judicata* and were, thus, insufficient to support its conclusion that a Rule 11 violation occurred.

Appeal by defendant from order entered 7 November 2012 by Judge Tyyawdi M. Hands in Mecklenburg County District Court. Heard in the Court of Appeals 23 October 2013.

*Gardner & Hughes P.L.L.C., by Attorney Jared E. Gardner, for plaintiff.*

*Miller, Walker, & Austin Attorneys, by Carol L. Austin, for defendant.*

Elmore, Judge.

## I. Background

Automotive Group, LLC (plaintiff) and A-1 Auto Charlotte, LLC (defendant) are companies involved in the business of operating used car parking lots. On 1 March 2010, defendant signed a lease agreement (lease) set to expire at midnight on 28 February 2011 with Jordan Motors, Inc., (Jordan Motors), to use a premises located at 4700 E. Independence Boulevard in Charlotte. The renewal provision of that lease required defendant to give written notice to the landlord at least 180 days prior to the expiration of the lease. In September 2010, plaintiff purchased the premises from Jordan Motors and had not received notice from defendant regarding lease renewal. Defendant did not exercise its option to renew until 15 October 2010. Plaintiff then notified defendant that because it had not received notice of defendant's lease renewal within 180 days of the lease's termination date, plaintiff was not going to renew defendant's lease. Plaintiff requested that defendant leave the premises upon expiration of the lease on 28 February 2011.

Defendant did not vacate the premises on or after 28 February 2011, and plaintiff filed an ejectment action (first complaint) to evict defendant. The first complaint was dismissed with prejudice on 8 April 2011 by Magistrate Angela Ranson (magistrate). The magistrate found that plaintiff did not "prove the case by the greater weight of the evidence" and because "plaintiff accepted rent for a month beyond the expiration of the initial lease term[,]" it waived any alleged lease breaches by defendant. After the first complaint was dismissed, plaintiff subsequently returned each rent check it received from defendant.

Thereafter, a second complaint was filed and dismissed with prejudice. Defendant continued to remain on the premises, and on 9 April 2012, plaintiff filed a third ejectment action (third complaint). The third complaint alleged that the lease period ended and "defendant [was] holding over after the end of the lease period." Plaintiff further alleged that defendant breached the lease by failing to: 1) install an electric meter on the premises and 2) provide plaintiff with valid liability insurance coverage. On 24 April 2012, the magistrate also dismissed the third complaint. The magistrate found that the third complaint alleged the same cause of action as the first complaint. Her ultimate conclusion of law

dismissed the third complaint with prejudice because "plaintiff [was] barred from the relief sought under the [d]octrine of [*r*]es [*j*]udicata." (emphasis added). Plaintiff timely appealed the magistrate's order *de novo* in District Court.

Before trial, defendant made an oral motion to dismiss plaintiff's action based on *res judicata*, which the trial court denied. During trial, defendant objected to admitted evidence premised on the theory that plaintiff's evidence was barred by *res judicata*. The trial court denied each of defendant's *res judicata* arguments and ultimately entered an order on 13 July 2012 in favor of plaintiff that required defendant to vacate the premises.

On 19 July 2013, defendant filed a motion for a new trial pursuant to Rule 59(a)(8). The only argument in support of defendant's motion was that the doctrine of *res judicata* barred defendant's third complaint and subsequent appeal to District Court. The trial court denied defendant's motion in an order entered 7 November 2012 and also sanctioned defendant pursuant to N.C.R. Civ. P. § 1A-1, Rule 11 because of its "repeated attempts to re-litigate" the issue of *res judicata*. Defendant appeals from the 7 November 2012 order denying its motion for a new trial and granting plaintiff's motion for sanctions. After careful consideration, we affirm, in part, and reverse, in part.

## II. Analysis

### a.) Motion for a New Trial

[1] First, defendant argues that the trial court erred in denying its motion for a new trial pursuant to Rule 59(a)(8). Specifically, defendant avers that the trial court erroneously admitted evidence and heard plaintiff's case on the merits when its claim was barred by the doctrine of *res judicata*. We disagree.

"While an order for new trial pursuant to Rule 59 which satisfies the procedural requirements of the Rule may ordinarily be reversed on appeal only in the event of 'a manifest abuse of discretion,' when the trial court grants or denies a new trial 'due to some error of law,' then its decision is fully reviewable." *Chiltoski v. Drum*, 121 N.C. App. 161, 164, 464 S.E.2d 701, 703 (1995) (quoting *Garrison v. Garrison*, 87 N.C. App. 591, 594, 361 S.E.2d 921, 923 (1987)), *disc. review denied*, 343 N.C. 121, 468 S.E.2d 777 (1996). "Appellate courts thus must utilize the 'abuse of discretion' standard only in those instances where there is no question of 'law or legal inference.' " *Id.* (quoting *Seaman v. McQueen*, 51 N.C. App. 500, 505, 277 S.E.2d 118, 121 (1981)). Rule 59(a)(8) allows for a

party to motion for a new trial where an "error in law" occurred at trial. N.C.R. Civ. P. § 1A-1, Rule 59 (2011). Thus, we review the trial court's denial of defendant's motion for a new trial *de novo*.

Under the doctrine of *res judicata*, "a final judgment on the merits in one action precludes a second suit based on the same cause of action between the same parties or their privies." *Williams v. Peabody*, ___ N.C. App. ___, ___, 719 S.E.2d 88, 92 (2011) (citation and quotation omitted). The party seeking to assert *res judicata* has the burden of establishing its elements. *Bluebird Corp. v. Aubin*, 188 N.C. App. 671, 679, 657 S.E.2d 55, 62 (2008). A party must show "(1) a final judgment on the merits in an earlier suit, (2) an identity of the causes of action in both the earlier and the later suit, and (3) an identity of the parties or their privies in the two suits" in order to prevail on a theory of *res judicata*. *Herring v. Winston-Salem/Forsyth Cnty. Bd. of Educ.*, 188 N.C. App. 441, 444, 656 S.E.2d 307, 310 (2008) (citation omitted). However, "where subsequent to the rendition of judgment in the prior action, new facts have occurred which may alter the legal rights of the parties, the former judgment will not operate as a bar to the later action." *Trustees of Garden of Prayer Baptist Church v. Geraldco Builders, Inc.*, 78 N.C. App. 108, 112, 336 S.E.2d 694, 697 (1985) (citations omitted).

Here, a new circumstance arose after dismissal of the first complaint that changed the legal rights of plaintiff. In her dismissal of the first complaint, the magistrate ruled that plaintiff waived all lease breaches by defendant because "plaintiff accepted rent for a month beyond the expiration of the initial lease term. Plaintiff did not cash defendant's check however [sic] he did not return it to the defendant either." The magistrate cited *Office Enterprises, Inc. v. Pappas* in support of her ruling. *Pappas*, 19 N.C. App. 725, 200 S.E.2d 205 (1973). In *Pappas*, this Court ruled that a landlord, who received a check from a tenant after rent was due, could not allege breach of the lease even though the landlord did not cash the check. *Id.* at 728, 200 at 207-08. However, in the case *sub judice*, plaintiff returned each check it received from defendant after the first complaint was dismissed. This change in circumstance eliminated plaintiff's waiver of defendant's lease breaches that previously prevented it from ejecting defendant. Therefore, the third complaint was not barred by *res judicata*, and the trial court did not err in denying defendant's motion for a new trial.

### b.) Sanctions

**[2]** Defendant also argues that the trial court erred in concluding that its Rule 59 Motion violated Rule 11 and was filed in bad faith because the conclusion is not supported by the trial court's findings of fact. We agree.

## AUTO. GRP., LLC v. A1 AUTO CHARLOTTE, LLC

[230 N.C. App. 443 (2013)]

The trial court's decision to impose or not to impose mandatory sanctions under N.C.G.S. § 1A-1, Rule 11(a) is reviewable *de novo* as a legal issue. In the *de novo* review, the appellate court will determine (1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by a sufficiency of the evidence. If the appellate court makes these three determinations in the affirmative, it must uphold the trial court's decision to impose or deny the imposition of mandatory sanctions under N.C.G.S. § 1A-1, Rule 11(a).

*Turner v. Duke Univ.*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989).

"In reviewing a trial judge's findings of fact, we are 'strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law.' " *State v. Williams*, 362 N.C. 628, 632, 669 S.E.2d 290, 294 (2008) (quoting *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982)); *see also Sisk v. Transylvania Cmty. Hosp., Inc.*, 364 N.C. 172, 179, 695 S.E.2d 429, 434 (2010) (" '[F]indings of fact made by the trial judge are conclusive on appeal if supported by competent evidence, even if . . . there is evidence to the contrary.' " (quoting *Tillman v. Commercial Credit Loans, Inc.*, 362 N.C. 93, 100-01, 655 S.E.2d 362, 369 (2008))).

An analysis of sanctions under Rule 11 consists of a three-pronged analysis: "(1) factual sufficiency, (2) legal sufficiency, and (3) improper purpose." *Peters v. Pennington*, 210 N.C. App. 1, 27, 707 S.E.2d 724, 742 (2011) (citation and quotation omitted). A violation of any of these prongs requires the imposition of sanctions. *Id.* (citation omitted). In determining factual sufficiency, we must decide "(1) whether the plaintiff undertook a reasonable inquiry into the facts and (2) whether the plaintiff, after reviewing the results of his inquiry, reasonably believed that his position was well grounded in fact." *Id.* (citation and quotation omitted). Whether a motion is legally sufficient requires this Court to look at "the facial plausibility of the pleading and only then, if the pleading is implausible under existing law, to the issue of whether to the best of the signer's knowledge, information, and belief formed after reasonable inquiry, the complaint was warranted by the existing law." *Polygenex Int'l, Inc. v. Polyzen, Inc.*, 133 N.C. App. 245, 249, 515 S.E.2d 457, 460 (1999) (citation and quotation omitted). "An objective standard is used

to determine whether a paper has been interposed for an improper purpose, with the burden on the movant to prove such improper purpose." *Coventry Woods Neighborhood Ass'n Inc. v. City of Charlotte*, 213 N.C. App. 236, 241, 713 S.E.2d 162, 166 (2011) (citation and quotation omitted). A signer's purpose is heavily influenced by "whether or not a pleading has a foundation in fact or is well grounded in law[.]" *Id.* at 242, 713 S.E.2d at 166 (citation and quotation omitted).

We first note that defendant does not challenge the trial court's findings of fact. Thus, these facts are binding on appeal. *See Tillman, supra.* Accordingly, our review is limited to whether the trial court's findings of fact support its conclusion of law that defendant's Rule 59 Motion violated Rule 11 and was filed in bad faith.

In support of its legal conclusion, the trial court's findings of fact solely focus on defendant's multiple attempts pre-trial, at trial, and post-trial to re-argue the issue of *res judicata* to the trial court. Importantly, the trial court found that a sanction was necessary because defendant "unjustifiably persisted in its disregard of state law, in praying for [the trial court] to, again, permit argument on the decided fact that [plaintiff's] claims are not barred by . . . *res judicata.*" However, these findings do not in any way address the factual sufficiency of defendant's motion as required by Rule 11. *See Peters, supra.*

To the extent that the trial court's findings address the legal sufficiency and improper purpose of defendant's motion, they do not support a sanction for violating Rule 11. Generally, a motion pursuant to Rule 59 is not proper when its purpose is merely to "reargue matters already argued or to put forward arguments which were not made but could have been made" in front of the trial court. *Batlle v. Sabates*, 198 N.C. App. 407, 414, 681 S.E.2d 788, 794 (2009) (citation and quotation omitted). However, Rule 59(a)(8) allows for a party to motion for a new trial where an "error in law" occurred at trial and was "objected to by the party making the motion[.]" N.C.R. Civ. P. § 1A-1, Rule 59. Accordingly, the only way for a party to make a proper Rule 59(a)(8) motion is to have specifically objected to that issue at trial. *Davis v. Davis*, 360 N.C. 518, 522, 631 S.E.2d 114, 118 (2006). It necessarily follows that a party filing a Rule 59(a)(8) motion will reassert the same arguments presented at trial. *See Smith v. White*, 213 N.C. App. 189, 193, 712 S.E.2d 717, 719 (2011) (finding that a motion pursuant to Rule 59(a)(8) was proper on the issue of the cost of repairs where defendant sought to exclude that evidence at trial, but trial court admitted it over defendant's objection); *See also Kinsey v. Spann*, 139 N.C. App. 370, 373, 533 S.E.2d 487, 490

(2000) (addressing defendant's Rule 59(a)(8) motion on the "merits of [her] objection" made at trial).

Here, defendant properly filed a legally sufficient Rule 59(a)(8) motion that alleged an error of law at trial because the trial court improperly admitted evidence and heard the merits of the case over defendant's *res judicata* objection. Furthermore, unlike the trial court, we cannot conclude that defendant's motion pursuant to Rule 59(a)(8) was filed with an improper purpose only on the basis that defendant sought to re-argue the same issue elicited at trial. *See Grover v. Norris*, 137 N.C. App. 487, 495, 529 S.E.2d 231, 235 (2000) (noting that "just because a [party] is eventually unsuccessful in her claim, does not mean the claim was inappropriate or unreasonable."); *See also Smith* and *Kinsey, supra*.

Accordingly, we hold that because each of the trial court's findings relate only to defendant's repeated attempts to re-argue the issue of *res judicata*, they are insufficient to support its conclusion that a Rule 11 violation occurred.

### III.  Conclusion

In sum, the trial court did not err in denying defendant's motion for a new trial. Thus, we affirm this issue on appeal. However, the trial court erred in concluding that defendant's motion pursuant to Rule 59(a)(8) violated Rule 11 and was filed in bad faith. Therefore, we reverse the trial court's sanction that required defendant to pay plaintiff's attorney fees.

Affirmed, in part. Reversed, in part.

Judges McCULLOUGH and DAVIS concur.